# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

  vs.                                    CIVIL NO. 98-860 BB/RLP

SOLV-EX CORPORATION,
JOHN S. RENDALL and
HERBERT M. CAMPBELL,

      Defendants.

## MEMORANDUM OPINION & ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER PURSUANT TO FED.R.CIV.P. 26(c), 33(c) AND 34(b)

THIS MATTER having come before the Court on the Defendants' Motion for Protective Order Pursuant to Fed.R.Civ.P. 26(c), 33(c) and 34(b) (Docket No. 40), the Court having read said motion, the memoranda in support of and in opposition to said motion and otherwise being fully advised, finds that the motion is not well taken and shall be **denied.**

The defendants seek a protective order from this Court limiting the disclosure of "confidential and proprietary information" identified in the Defendants' Answers and Objections to Plaintiff's First Set of Discovery to Defendants and Responses and

Objections to Requests for Production of Documents dated June 10, 1999. Rule 26(b)(1) establishes a presumption that all matters relevant to a pending case are freely discoverable. Fed.R.Civ.P. 26(b)(1). Rule 26(c) authorizes the district court to, "Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown. . ., the court may make any order which justices requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . ." Fed.R.Civ.P. 26(c).

A party seeking a protective order of this magnitude must show that the information sought is a trade secret or is otherwise confidential. Further, the party must show that the harm caused by its disclosure outweighs the need of the party seeking disclosure. *Digital Equipment Corp. v. Microtechnology, Inc.,* 142 F.R.D. 488, 491 (D. Colo. 1992).

In order to establish that disclosure of the discovery material might be damaging to the producing party, courts have required a showing of "specific examples of articulated reasoning," as opposed to conclusory statements. *Cippollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3rd Cir. 1986). The defendant has not made this

required, specific showing.  Rather, counsel have simply listed what they view as confidential and proprietary documents without evidentiary support.  The specific showing by this rule should be made by affidavit or other evidentiary support. *Nestle Foods Corp. v. Aetna Casualty and Surety Co.,* 129 F.R.D. 483, 485 (D. N.J. 1990). Therefore, an appropriate particularized evidentiary showing that the discovery material is confidential and proprietary and would be damaging to the producing party has not been made.

Lastly, the plaintiff points out that ". . .the majority of the documents at issue were produced to the plaintiff years ago without a protective order in place. . ." Plaintiff's Response Brief at p. 3.  It is difficult to imagine why a majority of documents would be confidential and proprietary as discovery material in this Court, yet not considered as such years ago.  The material is either confidential and proprietary or it is not.  The character of the material should not change over the passage of time.

**IT IS THEREFORE ORDERED** that the Defendants' Motion for Protective Order Pursuant to Fed.R.Civ.P. 26(c), 33(c) and 34(b) is denied.

**IT IS SO ORDERED.**

_____
RICHARD L. PUGLISI
United States Magistrate Judge

Richard H. Goldberg, Esquire - Attorney for Defendants
Julie K. Lutz, Esquire - Attorney for Plaintiff