# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**SECURITIES AND EXCHANGE COMMISSION,**

    **Plaintiff,**

**v.**                                                      **No. CIV 98-860 BB/RLP**

**SOLV-EX CORPORATION, JOHN S. RENDALL, and HERBERT M. CAMPBELL,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER
## DENYING SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on the motion of Defendants Solv-Ex Corporation, John S. Rendall, and Herbert M. Campbell for partial summary judgment, and the Court having considered the briefs and oral argument of counsel on August 16, 1999, **FINDS** the motion should be **DENIED**.

## Facts

**Defendants Rendall and Campbell filed affidavits[1] alleging the following:**

---

[1] Plaintiff challenges these affidavits as conclusory but has filed no countervailing factual submissions. The Court will therefore accept the facts but ignore the legal conclusions in the affidavits.

In January 1996, the officers of Solv-Ex discussed lending arrangements for the financing of the constructions of Solv-Ex's oil sands plant in northern Alberta, Canada. Rendall undertook to secure financing for the project and met with representatives of Pommier Limited ("Pommier"), a newly formed Guernsey Island company that offered to organize a short-term trading program through a Swiss bank. As a condition of Pommier's performance, Solv-Ex had to provide a certificate for three million shares of Solv-Ex common stock in the name of Rendall to the Swiss bank. Since a significant portion of Rendall's restricted shares were being held in a margin account and were not immediately accessible to him, Rendall and Campbell caused the three million shares of stock to be issued by the company's transfer agent to Rendall. Rendall was assured by Pommier that the shares represented by the certificate would not be sold or transferred to anyone. Rendall agreed with Solv-Ex that if such shares were ever presented for transfer or not returned to Solv-Ex by March 29, 1996, Rendall would present the Solv-Ex shares in his margin account to such transferee.

The short-term trading program proposed by Pommier never took place. Pommier failed to produce any investors and the three million shares issued in Rendall's name were never paid for. On July 20, 1998, the Plaintiff, Securities

and Exchange Commission, filed a complaint seeking an injunction and other relief against Defendants based, *inter alia*, on their alleged failure to disclose their interaction with Pommier and the Swiss bank and false statements regarding Solv-Ex's prospects. Defendants' motion is directed at the proposed transaction with Pommier.

## Discussion

As a public company whose stock was registered with the Commission pursuant to Section 12(g) of the Securities Exchange Act of 1934, Solv-Ex was required to file annual and quarterly reports with the Commission. The requirement that reports be filed necessarily embodies the requirement that the information contained therein be true and correct. *SEC v. Savoy Indus.*, 587 F.2d 1149, 1165 (D.C. Cir. 1978), *cert. denied*, 440 U.S. 913 (1979). In addition, the antifraud provisions, Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Exchange Act and Rule 10b-5 thereunder, prohibit a company or its management from making material misrepresentations or omissions in connection with the offer, purchase, and sale of securities. *SEC v. Texas Gulf Sulphur Co.*, 401 F.2d 833, 862 (2d Cir. 1968) (*en banc*), *cert. denied*, 394 U.S. 976 (1969). An omitted fact is material if there is a substantial likelihood that a

reasonable investor would consider it important in his decision to purchase securities. *Basic, Inc. v. Levinson*, 485 U.S. 224, 231 (1988).

The Commission submits that, under the circumstances presented here, a reasonable investor would have found material the secret machinations of Rendall and Campbell with the company's stock. The Defendants argue that the Pommier financing was merely tentative and never came to fruition. The three million shares while shown temporarily on the transfer agent's books were never paid for and thus never "issued." Based on the tentative nature of the transaction and the fact it never actually transpired, Defendants conclude there was nothing material to report. Both positions appear to have merit.

As noted, a publicly traded and registered company must not misstate or omit a material fact in reporting events. In general, a fact will be deemed material 'if there is a substantial likelihood that a reasonable shareholder would consider it important' in making an investment decision or if it would have 'significantly altered the 'total mix' of information made available' to the shareholder. *TSC Indus., Inc. v. Northway, Inc.*, 426 U.S. 438, 449 (1976). However, facts which are material to investors, and therefore which must be disclosed, are not limited to absolute certainties or those events which have already occurred, but may

include 'prospective and, therefore, contingent events.' *SEC v. Mize*, 615 F.2d 1046, 1051 (5th Cir.), *cert. denied*, 449 U.S. 901 (1980); *Sonesta Int'l Hotels Corp. v. Wellington Assocs.*, 483 F.2d 247, 251 (2d Cir. 1973). Where a potential future event is not certain to occur, the assessment of materiality 'will depend at any given time upon a balancing of both the indicated probability that the event will occur and the anticipated magnitude of the event in light of the totality of the company activity.' *Basic*, 485 U.S. at 238 (quoting *Texas Gulf Sulphur*, 401 F.2d at 849). *See also SEC v. MacDonald*, 699 F.2d 47, 50 (1st Cir. 1983); *Mize*, 615 F.2d at 1051. Therefore, if the future occurrence implicates the loss of the corporation's assets or a reduction of the corporation's equity, depending upon the particular factual context, disclosure may be required even if the event is not certain to occur nor even highly probable. *Compare Sonesta* (reasonable likelihood) *and Mize* (same) *with Texas Gulf Sulphur* (probable is the standard).

On the present record, the Court cannot in any way assess the likelihood the Pommier trading program would be implemented, or its likely impact. Questions of materiality, scienter, and reliance are mixed questions of law and fact, but ones involving assessments peculiarly within the province of the trier of fact. *TSC Indus., Inc.*, 426 U.S. at 438; *Arrington v. Merrill Lynch, Pierce, Fenner & Smith*,

Fed. Sec. L. Rep. P 97,682 (9th Cir. 1980). The issues of probability and materiality are such questions given the present state of the record in this case.

**O R D E R**

For the above stated reasons, Defendants' motion for partial summary judgment is DENIED.

Dated at Albuquerque this 3rd day of September, 1999.

*/s/ Bruce D. Black*
BRUCE D. BLACK
United States District Judge

Counsel for Plaintiff:

    Julie K. Lutz, SEC, Denver, CO
    Ray Hamilton, SAUSA, Albuquerque, NM

Counsel for Defendants:

    Richard H. Goldberg, Friedlob Sanderson Raskin Paulson & Tourtillott, Denver, CO
    Robert A. Johnson, Karla K. Poe, Eastham Johnson Monnheimer & Jontz, Albuquerque, NM