IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

---

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

v.                                                                  No. CIV 98-860 BB/RLP

SOLV-EX CORPORATION, JOHN
S. RENDALL, and HERBERT M.
CAMPBELL, II,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING ATTORNEYS' FEES AND AMENDED JUDGMENT

        THIS MATTER is before the Court on Defendants' Motion for Attorneys' Fees pursuant to the Equal Access to Justice Act ["EAJA"], 28 U.S.C. § 2412, and the Court having considered the briefs of counsel and being fully advised, FINDS this motion not legally sustainable and it will be Denied. The Court has also considered Plaintiff's Motion to Amend Judgment, and FINDS such amendment unnecessary; that motion will also therefore be Denied.

## *Discussion*

### *Attorneys' Fees*

The United States Securities and Exchange Commission ["SEC" or "Commission"] sued Defendants Solv-Ex Corporation, John S. Rendall, and Herbert M. Campbell for violating anti-fraud provisions of the federal securities laws and for filing false periodic reports with the Commission. Plaintiff alleged that Defendants failed to disclose *inter alia* the issuance of 3 million restricted shares of Solv-Ex common stock to Rendall in the company's Form 10-Q quarterly report for the quarter ending March 31, 1996. This restricted stock was to secure a "trading program" through a Swiss bank. *See SEC v. Lauer*, 52 F.3d 667 (7th Cir. 1995) (describing such "trading programs"). Defendants surrendered the restricted stock certificate to two successive Swiss banks, and Rendall executed a stock power of attorney enabling the banks to pledge the Solv-Ex stock to raise funds if a program was implemented. At such time as the program became effective, the stock was to be replaced by other shares actually owned by Rendall. However, the financing program was never implemented and the Swiss bank returned the share certificate to Solv-Ex in March 1996. The Form 10-Q filed by Solv-Ex for the first quarter of 1996 failed to mention the

2

fact that Solv-Ex was floating these shares to see if a trading program was available.

In its Findings of Fact and Conclusions of Law, this Court ruled that Defendants had violated Section 13(a) of the Securities Exchange Act, 15 U.S.C. § 78 in various matters. However, on the 3 million share trading program, the Court concluded that because "[t]he European 'trading program' was never implemented and therefore the restricted stock was never issued, ... no SEC reporting requirements were triggered." Conclusions of Law ¶ 22. Since Plaintiff did not prevail on this claim, Defendants seek to use this conclusion as a basis for the recovery of attorneys' fees under the EAJA.

As a prerequisite for attorneys' fees, the EAJA requires that the party seeking such fees be the "prevailing party." *See Lear Siegler, Inc., Energy Prods. Div. v. Lehman*, 893 F.2d 205, 208 (9th Cir. 1989) ("no fee award is permissible until the [party] has crossed the 'statutory threshold' of prevailing party status"). To be a prevailing party, a party must succeed on a significant issue in the litigation which brings them some benefit. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Kopunec v. Nelson*, 801 F.2d 1226, 1229 (10th Cir. 1986) (in determining whether a litigant was a prevailing party, "[t]he court looks to the substance of the

3

litigation to determine whether the applicant has substantially prevailed in its position"); *Chapoose v. Hodel*, 831 F.2d 931, 936 (10th Cir. 1987) (same). Under this standard, Defendants did not prevail.

In the Final Judgment, this Court found that all of the Defendants had violated Section 13(a) by failing to disclose material facts in Solv-Ex's periodic reports to the Commission. Consequently, the Court permanently enjoined Defendants from further violations of Section 13(a). Since the Commission obtained the relief it requested in its Complaint, although not on this one particular theory, Defendants cannot be deemed to be prevailing parties. *See Wyoming Wildlife Federation v. United States*, 792 F.2d 981, 984-85 (10th Cir. 1986) (finding that plaintiff was prevailing party under EAJA because comparison of complaint to stipulated judgment demonstrated that plaintiff had obtained the relief it requested).

Even if Defendants could be viewed as the prevailing parties, however, the EAJA requires that fees can be awarded against Plaintiff only if its allegations were not be "substantially justified." 28 U.S.C. § 2412(d)(1)(A). A position is substantially justified if it has a reasonable basis in fact and law. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *United States v. 2,116 Boxes of Boned Beef*,

726 F.2d 1481, 1486 (10th Cir. 1984) ("the test of substantial justification is essentially one of reasonableness in both law and fact").  While not ultimately persuasive, the Plaintiff had both a legal and factual basis to support the allegation that Defendants were obligated to disclose their efforts to exchange 3 million additional shares to obtain a $105 million loan from a Swiss bank in the Form 10-Q filed by Solv-Ex for the first quarter of 1996.

### *Motion to Amend Judgment*

Plaintiff moves the Court to amend the language of the injunctive provisions to fully incorporate the language of each statutory provision of the federal securities laws which Solv-Ex, Rendall, and Campbell were found to have violated.  Plaintiff argues the amendment is necessary "(1) to obtain injunctive language in this action which is consistent with injunctions entered based on the same violations in other enforcement actions brought throughout the country; and (2) to forestall any possible claim of confusion or ambiguity as to the scope of the conduct which is prohibited." Mot. to Amend at 1-2.  As to the first point, the Court notes the judgment language is only a slight abridgement of what Plaintiff itself proposed in its "Final Judgment of Permanent Injunction."  Under the Judgment, Defendants are "permanently restrained and enjoined from

violating Section 13(a) of the Exchange Act by, directly or indirectly, filing or causing the filing with the Securities and Exchange Commission of any periodic report on behalf of any issuer, which contains any untrue statement of material, or which omits to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." This language appears sufficient to cover the Plaintiff's concern that Defendants are not precluded from failing to report material facts since the Judgment prohibits them from omitting "a material fact necessary to make the statements made, in the light of circumstances under which they were made, not misleading."

The Commission also argues the Judgment be amended to include language that "will preclude any attempts by Defendants to circumvent the proscriptions of the judgment where they happen to be on the purchase side, rather than the offer or sale side, of a given transaction." Mot. at 3. The present language prohibits Defendants from "violating Section 17(a) of the Securities Act or Section 10(b) of the Exchange Act and Rule 10b-5 by, directly or indirectly, in the offer or sale of any securities by the use of any means or instruments of interstate commerce:

6

> (1) employing any device, scheme or artifice to defraud; or
>
> (2) obtaining money or property by means of any untrue statement of a material fact or omission to state a material fact."

Again, it was the Plaintiff which proposed this language and it is consistent with the nature of the violation proved at trial. Nor does the Court have any reason to surmise the Defendants would now attempt to violate either Act by devising some novel stock "purchase" scheme. The Court therefore agrees with Defendants that "[t]he statutory provisions are clear and unambiguous [and that] [t]here was no showing at trial or the hearing on penalty that Defendants had or are likely to create any 'possible claim of confusion or ambiguity as to the scope of the conduct which is prohibited.'" Defts' Resp. at 1 quoting Mot. at 1-2.

## O R D E R

For the above stated reasons, Defendants' Motion for Attorneys' Fees and Plaintiff's Motion to Amend Judgment are both DENIED.

Dated at Albuquerque this 12th day of July, 2000.

_____
BRUCE D. BLACK
United States District Judge

**Counsel for Plaintiff:**

    Julie K. Lutz, Thomas D. Carter, SEC, Denver, CO
    Ray Hamilton, SAUSA, Albuquerque, NM

**Counsel for Defendants:**

    Richard H. Goldberg, Friedlob Sanderson Raskin Paulson & Tourtillott, Denver, CO
    Robert A. Johnson, Karla K. Poe, Eastham Johnson Monnheimer & Jontz, Albuquerque, NM